UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 13-CR-0035(1) (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY ALLEN GARDNER, | |
| Defendant. | |

Defendant Jeffrey Gardner is serving a 90-month sentence after being convicted of various fraud charges. This matter is before the Court on Gardner's two motions for release under 18 U.S.C. § 3582(c)(1)(A)(i), under which a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction[.]" The Court denies Gardner's first motion on the merits and denies his second motion for failure to exhaust administrative remedies.

*A. First Motion*

Section § 3582(c)(1)(A) permits defendants to move for a sentence reduction, but only after complying with an exhaustion requirement. Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Gardner submitted a request for compassionate release to the Bureau of Prisons ("BOP") on December 6, 2019. Jones Decl. ¶ 3. The BOP denied his request on December 18 and provided Gardner a copy of the denial on January 3, 2020. *Id.* ¶ 4. Gardner did not appeal this decision. *Id.* ¶ 5. As a result, the government argues, Gardner has failed to comply with the exhaustion requirement of § 3582(c)(1)(A).

The Court disagrees. Section 3582(c)(1)(A) permits a defendant to bring a motion upon the *earlier* of (1) the exhaustion of all administrative rights to appeal the BOP's failure to bring a motion to reduce his sentence *or* (2) the lapse of 30 days from the BOP's receipt of the defendant's request that the BOP bring such a motion. As it has been more than 30 days since the BOP's receipt of Gardner's request, his first motion is ripe for review.

Nevertheless, the Court denies the motion. Gardner argues that "extraordinary and compelling reasons" exist on the basis of various underlying health conditions. Gardner submits no medical records documenting his conditions, however, and BOP records suggest that Gardner is receiving appropriate treatment for his health issues and that he is functioning normally in the prison environment. ECF No. 322-3.

Moreover, in determining whether to grant a motion under § 3582(c)(1)(A), the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." As the Court explained at sentencing, over the course of roughly two

years, Gardner committed hundreds of individual acts of fraud and caused an extraordinary amount of suffering to dozens of victims, many of whom were relatively unsophisticated and some of whom lost their life's savings. Moreover, Gardner has steadfastly denied committing any crime, despite overwhelming evidence to the contrary. The Court nevertheless varied downward from the recommended sentencing range in light of several mitigating factors, including Gardner's lack of criminal history. The Court does not believe that a further reduction would adequately reflect the seriousness of Gardner's offense nor provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).[1]

In the alternative, Gardner asks that the Court order a change of custody to home confinement. It is up to the BOP, however, to designate the place of confinement. 18 U.S.C. § 3621(b); *United States v. Kattom*, 619 F. App'x 569 (8th Cir. 2015) (per curiam) ("We note that the court lacked authority to order placement at any particular facility as the Bureau of Prisons (BOP) is solely responsible for that decision."). Gardner's first motion for release is therefore denied.

*B. Second Motion*

Gardner's second motion, dated March 23, 2020, seeks immediate release due to

---

[1] Gardner contends that he is also eligible for release under 18 U.S.C. § 4205(g). That provision was repealed effective November 1, 1987, however, and only applies to defendants whose offenses occurred before that date. 28 C.F.R. § 572.40.

the coronavirus pandemic. Gardner does not contend, however, that he has requested that the BOP bring a motion on this basis on his behalf. Accordingly, he has failed to comply with the exhaustion requirement in § 3582 (c)(1)(A) with respect to this motion, and the motion is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motions for release [ECF Nos. 317, 320] are DENIED.

Dated: April 6, 2020

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge